## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| Fawn Costin, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.  1:18-cv-345 |
| MiraMed Revenue Group, LLC, an Illinois limited liability company, | ) ) ) ) | |
| Defendant. | ) | Jury Demanded |

### COMPLAINT – CLASS ACTION

Plaintiff, Fawn Costin, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; and b) Plaintiff and Defendant reside here.

### PARTIES

3. Plaintiff, Fawn Costin ("Costin"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect defaulted consumer debts that she allegedly owed for medical bills.

4. Defendant, MiraMed Revenue Group, LLC ("MiraMed"), is an Illinois

limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts.  MiraMed operates a defaulted debt collection business, and attempts to collect debts from consumers, including consumers in the State of Indiana.  In fact, Defendant MiraMed was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Defendant MiraMed is authorized to conduct business in the State of Indiana, and maintains a registered agent here, see, record from the Indiana Secretary of State, attached as Exhibit A.  In fact, Defendant MiraMed conducts extensive business in Indiana.

6. Defendant MiraMed is licensed as a debt collection agency in the State of Indiana, see, record from the Indiana Secretary of State, Securities Division, attached as Exhibit B.  In fact, Defendant MiraMed acts as a collection agency in Indiana.

## FACTUAL ALLEGATIONS

7. More than 6 years ago, due to financial difficulties, Plaintiff Costin was forced to stop paying some of her debts, which included debts she allegedly owed for medical services.  Defendant MiraMed sent Ms. Costin a collection letter, dated October 19, 2017 attempting to collect some defaulted medical bills.  Specifically, two of the debts that Defendant was attempting to collect were medical debts allegedly owed to Franciscan Health Indianapolis for services that occurred on December 29, 2009 and March 17, 2010.  A copy of this letter is attached as Exhibit C.

8. The statute of limitations in the State of Indiana for collecting the defaulted debts at issue was, pursuant to Indiana Code § 34-11-2 (six years from the date of the

last payment/statement).

9. Nowhere in Defendant's letter, however, did it disclose that either of these debts were time-barred. Additionally, this letter stated "Please be advised that our client may authorize us to report this matter as a collection account to a credit reporting agency", when, in fact, due to the age of two of the debts, they were no longer eligible for credit reporting, see, attached Exhibit C.

10. Defendant's collection actions constitute material violations of the FDCPA because MiraMed failed to disclose that the debt was time-barred. This lack of disclosure would leave the consumer without enough information to make a decision as to what to do about the collection of the debt at issue and cause them to believe Defendant could continue to demand payment.

11. All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

12. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692e Of The FDCPA –
### False, Deceptive Or Misleading Collection Actions

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of any debt.

15. Attempts by debt collectors to collect time-barred debts via deceptive and

misleading collection letters violate § 1692e of the FDCPA, see, Pantoja v. Portfolio Recovery Assocs., 852 F.3d 679 (7th Cir. 2017), cert. denied, 86 U.S.L.W. 3090 (U.S. Jan. 16, 2018)(No. 17-255); Daugherty v. Convergent Outsourcing, 836 F.3d 507 (5th Cir. 2016); Buchanan v. Northland Group, 776 F.3d 393 (6th Cir. 2015); McMahon v. LVNV Funding, 744 F.3d 1010 (7th Cir. 2014). By sending Plaintiff the collection letter (Exhibit C) for debts that were time-barred, failing to disclose that the debts were time-barred and threatening to credit report time-barred debts, Defendant violated § 1692e of the FDCPA.

16. Defendant's violations of § 1692e of the FDCPA render it liable for damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

19. Defendant, by attempting to collect time-barred debts, failing to disclose that the debts were time-barred, and threatening to credit report time-barred debts, used an unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

20. Defendant's violations of § 1692f of the FDCPA render it liable for damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

21. Plaintiff Fawn Costin brings this action individually and as a class action on behalf of all persons similarly situated in the State of Indiana from whom Defendant attempted to collect a defaulted, time-barred consumer debt, allegedly owed for medical debts, via the same form collection letter (Exhibit C), that Defendant sent to Plaintiff, from one year before the date of this Complaint to the present.  This action seeks a finding that Defendant's form collection letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

22. Defendant regularly engages in debt collection, using the same form collection letter it sent Plaintiff Costin, in its attempts to collect defaulted consumer debts from other consumers.

23. The Class consists of more than 35 persons from whom Defendant attempted to collect defaulted consumer debts by sending other consumers the same form collection letter it sent Plaintiff Costin.

24. Plaintiff Costin's claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

25. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests

of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.  Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

26.    Plaintiff Costin will fairly and adequately protect and represent the interests of the Class.  The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff Costin has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Fawn Costin, individually and on behalf of all others similarly situated, prays that this Court:

1.    Certify this action as a class action;

2.    Appoint Plaintiff Costin as Class Representative of the Class, and her attorneys as Class Counsel;

3.    Find that Defendant's collection practices violate the FDCPA;

4.    Enter judgment in favor of Plaintiff Costin and the Class, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5.    Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Fawn Costin, individually and on behalf of all others similarly situated, demands trial by jury.

                                                Fawn Costin, individually and on behalf of all others similarly situated,

                                                By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated:  February 6, 2018

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Carissa K. Rasch    (Ill. Bar No. 06327475)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
carissa@philippslegal.com

John T. Steinkamp   (Ind. Bar No. 19891-49)
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
steinkamplaw@yahoo.com