# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA

Fawn Costin, individually and on behalf of all others similarly situated, )
)
Plaintiff, )
)
v. ) No. 1:18-cv-345-SEB-DML
)
MiraMed Revenue Group, LLC, an Illinois limited liability company, )
)
Defendant. )

## ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

This cause comes before the Court for final approval of the Class Action Settlement Agreement and for Dismissal of this action pursuant to the terms of the Motion for Final Approval of Class Action Settlement [Dkt. 42], and on the Motion to Award Attorneys' Fees and Costs [Dkt. 41], due notice having been given, and the court being duly advised in the premises:

THE COURT HEREBY FINDS THAT:

1. On June 8, 2018, the parties entered into a Class Action Settlement Agreement ("Settlement Agreement").

2. On August 9, 2018, that Settlement Agreement was, pursuant to F.R.C.P. 23, preliminarily approved and a class was certified in this matter and notice was sent to the Class.

3. Pursuant to ¶ 11 of the Settlement Agreement, the Notice of Class Action Settlement was mailed by First Class, Inc., to each of the approximately 1,500 members of the Class by the U.S. Postal Service. In response to this mailing, 63

notices were returned by the United States Postal Service as undeliverable, but 30 were re-mailed to a forwarding address.

4. No objections were received, no members of the Class sought leave of this Court to intervene, and 1 member of the Class (Sherry R. Dugann) opted-out of this action, while 248 members of the Class have returned the claim form.

5. The Complaint in this action alleged that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

6. Defendant denies that it has in any way violated the FDCPA.

7. The Complaint sought recovery of statutory damages pursuant to § 1692k of the FDCPA. Under § 1692k, the maximum statutory damages recoverable by an individual plaintiff is $1,000 and the maximum statutory damages recoverable by a class is the lesser of 1% of the Defendant's net worth or $500,000. Here, 1% of Defendant's worth is about $20,000.

8. The Settlement Agreement sets forth that Defendant has agreed to change the form of the collection letter, pay $1,000 to the Class Representative, Fawn Costin for statutory damages, and pay $20,000 to the Class, which will be distributed pro-rata to each of the class members who does not exclude themselves from this action and who returned the claim form; any unclaimed funds will be paid equally to Indiana Legal Services, Inc., and the National Association of Consumer Advocates, Inc., as a cy pres remedy.

9. The Court finds that the settlement negotiations were conducted at arms-length and in good faith among all counsel and that the terms of the Settlement Agreement are fair, reasonable and adequate to Plaintiff and all members of the Class.

In addition to the other facts stated herein, the Court finds the Settlement Agreement to be particularly fair, adequate and reasonable in light of the risk of establishing liability and the expense of further litigation.

10. Pursuant to ¶ 9 of the Settlement Agreement, the $20,000 Class settlement fund shall be distributed, within 14 days of the final approval of the settlement, by First Class, Inc., as set forth above, by U.S. Mail to each of the members of the Class who did not exclude themselves and who returned the claim form, which will thus mean that the 248 class members, who returned the claim form and whose notice was not returned as undeliverable, will receive about $80.64 each.  Any portion of the $20,000 which is unclaimed by the Settlement Class, because the Settlement check is returned as undeliverable or without a forwarding address, or because the check remains uncashed 60 days after distribution, or because money is left over after distribution, shall be distributed equally to the Indiana Legal Services, Inc., and the National Association of Consumer Advocates, as a <u>cy pres</u> remedy.  Pursuant to ¶ 10 of the Settlement Agreement, 120 days after final approval, Defendant's Counsel shall provide the Court and Class Counsel with a report regarding the number of checks that were returned or were not cashed and the amount distributed to the <u>cy pres</u> recipient.

11. Pursuant to ¶ 8 of the Settlement Agreement, Defendant has agreed to pay $22,500 to Class Counsel for their attorneys' fees and costs and pay First Class, Inc. for the costs of sending out the class notice and claim form, administering claims and distributing the settlement fund.  Class Counsel has submitted a motion detailing their current hourly rates, the hours worked and costs incurred in this matter [Dkt. 41).  The Court has reviewed Class Counsel's submission, finds the requested fees and

costs to be reasonable and, accordingly, grants Class Counsel's motion, and approves the $22,500 amount that Defendant has agreed to pay to Class Counsel for their fees and costs.

    12.    Pursuant to ¶ 9 of the Settlement Agreement, if no one intervenes or objects to this Settlement, Defendant shall pay to the Philipps & Philipps, Ltd., Fiduciary Account (E.I.N. 36-4325073), within 14 days of final approval of this Settlement Agreement by the District Court, the amount of $23,500, for the amount due the Class Representative ($1,000), and for attorneys' fees and costs, ($22,500) and shall pay $20,000 to First Class, Inc., for distribution to the Class, which amount will be held in trust until the 30-day appeal period has run.  If a Class Member objects or intervenes, then these amounts shall be paid within 14 days, after the appeal period has run; or, if any appeal is filed, then within 14 days of the final resolution of all appeals.  Moreover, within 120 days after final approval of this Settlement by the District Court, Defendant's Counsel shall provide Class Counsel and the Court with a report stating the number of Class Members' checks which were returned or remain uncashed, and shall pay equally to the Indiana Legal Services, Inc., and the National Association of Consumer Advocates, Inc., any unclaimed portion of the Class Settlement Fund.

**IT IS HEREBY ORDERED THAT:**

    1.    The Settlement Agreement, dated June 8, 2018, is hereby approved.

    2.    Plaintiff and the Class shall be forever barred and enjoined from instituting or further prosecuting, in any forum whatsoever, including but not limited to, any State, Federal, or Foreign Court, against MiraMed Revenue Group, LLC, its past or present parents, affiliates, subsidiaries,

successors, predecessors, and assigns, and its present or former directors, officers, employees, partners, members, principals, employees, agents, insurers and attorneys, including any and all claims that were asserted or alleged or which could have been asserted or alleged in this lawsuit; provides that (the "Released Parties"), shall be barred identically from pursuing any claim for relief under 15 U.S.C. § 1692k(a)(3), 28 U.S.C. § 1927, or F.R.C.P. Rule 11, against Plaintiff, her Counsel, or any member of the Class arising out of the claims asserted or alleged, or which could have been asserted or alleged, against (the "Released Parties"), in this action; and, reserves jurisdiction over any matters arising out of this Agreement.

3. Defendant shall pay within 14 days of the date of this Order $23,500 to Class Counsel for the amount due the Class Representative ($1,000) and for attorneys' fees and costs, ($22,500), and shall pay First Class, Inc., $20,000 for distribution to the class, which amount will be held in trust until the 30-day appeal period has run.  If a Class Member objects or intervenes, then these amounts shall be paid within 14 days, after the appeal period has run; or, if any appeal is filed, then within 14 days of the final resolution of all appeals. Moreover, within 120 days after final approval of this Settlement by the District Court, Defendant's Counsel shall provide Class Counsel and the Court with a report stating the number of Class Members' checks which were returned or remain uncashed, and shall pay equally to Indiana Legal

  Services, Inc., and the National Association of Consumer Advocates, any undistributed/unclaimed portion of the Class Settlement Fund.

4.  This Court reserves jurisdiction over all matters arising out of the Settlement Agreement.

5.  This action is hereby dismissed without prejudice and without costs; upon filing of the final report as to the distribution of the settlement fund to the Class, this dismissal shall be converted into a dismissal with prejudice and this Court will no longer retain jurisdiction of this matter.

6.  This order resolves all claims against all parties in this action.

DATED: December 7, 2018

*[Signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution to counsel of record via CM/ECF